# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           CASE NO. 8:03-CR-446-T-30

DONALD MOORE LIVINGSTON POMARE,

    Defendant.
_____/

## ORDER

This Cause is before the Court upon Defendant's *pro se* Motion for Relief from Judgment of Conviction and Sentence (Dkt. 129). Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). § 2255(f)'s time limit on bringing a § 2255 motion does not make § 2255's remedy inadequate or ineffective. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired[.]"); *see also Gilbert v. United States*, 640 F.3d 1293, 1307-08 (11th Cir. 2011). Defendant's request for relief under a writ of *audita querela* is denied as "a writ of *audita querela* may not be granted when relief is cognizable under § 2255." *United States v. Davis*, 352 F. Appx. 314, 315-16 (11th Cir. 2009) (quoting *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Defendant's request for relief under Fed. R. Civ. P. 60(b) is also denied as a Rule 60(b) motion cannot be used to circumvent § 2255's procedural bars. *See Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1277, 1277 n.11 (11th Cir. 2004) (en banc).

motion seeking relief pursuant to § 2255. The Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

The Court cautions Defendant that such recharacterization will render this motion subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that after its characterization as a § 2255 motion, the motion will be subject to the one (1) year period of limitation.[2] Accordingly, Defendant should also address the motion's untimeliness, falling as it will well beyond one (1) year from September 5, 2005, the date Defendant's judgment became final.

Finally, the Court advises Defendant that, in addition to addressing the foregoing issue, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **April 11, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The recent case of *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), would not entitle Defendant to a delayed start of the limitation period under § 2255(f)(3) as *Bellaizac-Hurtado* is a circuit court decision, and § 2255(f)(3) requires the recognition of a new right by the Supreme Court in order to delay the limitation period's start. 28 U.S.C. § 2255(f)(3). *Bellaizac-Hurtado* is also not a "fact" for the purposes of a delayed limitation period under § 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion for Relief from Judgment of Conviction and Sentence (Dkt. 129);

2. Amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. Withdraw his Motion for Relief from Judgment of Conviction and Sentence (Dkt. 129).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case, and this Cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 129).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2003\03-cr-446.Pomare 129.wpd*